

**IN THE
TENTH COURT OF APPEALS**

**No. 10-18-00001-CV**

**IN THE INTEREST OF D.R.O., A CHILD**

**From the 378th District Court
Ellis County, Texas
Trial Court No. 97212D**

**MEMORANDUM  OPINION**

In one issue, Appellants Monica Kincaid Herrera and Adam Mitchell Herrera challenge the trial court's determination that they lacked standing to bring this Suit Affecting Parent-Child Relationship.  We will affirm.

*Background*

D.R.O. was born on November 15, 2016 to Deserae Sneed and Michael Ortega, who had two other children.  Michael and Adam are cousins.  Sometime in March 2017, Deserae left D.R.O. with Monica, Adam's wife.  Deserae testified that she left D.R.O. with Monica and Adam while she was looking for a job.  Deserae further testified that after she was employed by Russell Stover, D.R.O. would at times stay with the Herreras during the week and would be returned to Deserae and Michael for the weekends.  Monica and

Adam would return D.R.O. at other times upon Deserae's request, and Deserae and Michael would also pick up D.R.O. on other occasions.

On September 17, 2017, Michael drove to the Herreras' home to get D.R.O. Monica refused to let Michael take D.R.O. Michael testified that Monica told him it was because D.R.O. was asleep. Deserae went to the Ennis Police Department on September 19 to request assistance in retrieving D.R.O. After speaking with Monica, who had a friendly connection with one of the officers, Ennis police contacted the Department of Family and Protective Services. Deserae eventually agreed to leave D.R.O. with the Herreras until the matter could be resolved after being told by the Ennis police that someone from the Department would contact her that evening. Deserae testified that no one from the Department contacted her.

Also on September 19, 2017, the Herreras filed a suit, which was assigned cause number 96970D, to terminate Deserae's and Michael's parental rights and to adopt D.R.O. After a hearing on October 30, 2017, the trial court orally pronounced that the Herreras' suit would be dismissed. The subsequent written order dismissed the suit with prejudice. Deserae and Michael were not represented by counsel in that case. The Herreras appealed the trial court's dismissal, which was assigned Cause Number 10-17-00378-CV in this Court. Despite requests from the attorney Deserae and Michael subsequently retained, the Herreras refused to relinquish custody of D.R.O.

On October 31, 2017, the Herreras filed the present SAPCR case, which was assigned cause number 96970D, seeking to be appointed managing conservators of D.R.O. The Herreras alleged that they had standing to bring the suit under section

102.003 of the Family Code because they had actual care, control, and possession of D.R.O. for at least six months ending not more than ninety days preceding the date of the filing of their original petition. Deserae and Michael filed a Motion to Dismiss for Lack of Standing and Res Judiciata and a Petition for a Writ of Habeas Corpus on November 8, 2017.

After the initial termination/adoption case was filed, the Department of Family and Protective Services investigated Deserae and Michael in relation to the allegations made by Monica to the Ennis Police Department. Deserae and Michael were required to take a drug test, which they both passed. They were notified on November 8, 2017 that the Department had closed the investigation of them, ruling out any claims of neglect.

The trial court held a hearing on the habeas petition on November 13, 2017 and granted the writ. The Herreras then returned D.R.O. to Deserae and Michael. The Herreras filed a motion to stay this case until the termination/adoption case was resolved on appeal. The trial court held a hearing on the motion for a stay and the motion to dismiss filed by Deserae and Michael. At the hearing, the trial court overruled the motion for a stay. Deserae and Michael testified at the hearing. Monica and Adam did not testify and did not appear for the hearing. The Herreras' counsel informed the trial court that Monica, who was purportedly eight months pregnant, believed she was having labor pains and had gone to the hospital.

Part of the evidence relied upon by the Herreras in this case and in the previous termination/adoption proceeding is a calendar allegedly kept by Monica as a contemporaneous accounting of the days D.R.O. was in her custody. After considering

the testimony, exhibits, and arguments of counsel, the trial court ruled that the Herreras did not offer credible proof that they had actual care, control, and possession of D.R.O. for at least six months prior to the time the suit was filed. The trial court dismissed the SAPCR suit with prejudice. In its order of dismissal, the trial court found that "Petitioners did not offer credible proof that they had actual care, control, and possession of the child for at least six months. An analysis of Petitioners' calendar favors Respondents."

### *Standing*

The Herreras argue that the trial court erred in finding that they did not have standing because their pleadings and the evidence presented conclusively show that they had possession of D.R.O. for over six months prior to filing suit. The Herreras further argue that they had "developed and maintained a relationship with DRO which entailed the actual exercise of guidance, governance, and direction similar to that typically exercised by parents with their children."

Standing is a necessary component of a court's subject-matter jurisdiction and is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993); *In re C.M.C.*, 192 S.W.3d 866, 869 (Tex. App.—Texarkana 2006, no pet.). Whether a court has subject-matter jurisdiction is an issue of law, which is reviewed de novo by an appellate court. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). "In evaluating standing, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *H.S.*, 550 S.W.3d at 155; *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When, as here, the trial court

makes no separate findings of fact or conclusions of law, we imply the findings necessary to support the trial court's judgment. *In re Hogard*, No. 10-13-00246-CV, 2013 WL 5603853, at *1 (Tex. App.—Waco Oct. 10, 2013, orig. proceeding). "We review the entire record to determine if the trial court's implied findings are supported by any evidence." *Id.*

> We review the trial court's implied factual findings for legal and factual sufficiency, and we review the trial court's implied legal conclusions de novo. Under both standards, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we will not disturb the court's resolution of evidentiary conflicts that turn on credibility determination or the weight of the evidence.

*In re I.I.G.T.*, 412 S.W.3d 803, 806 (Tex. App.—Dallas 2013, no pet.) (internal citations omitted).

When standing to bring a particular type of lawsuit has been conferred by statute, we use that statutory framework to analyze whether the petition has been filed by a proper party. *Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 528 (Tex. App.—Austin 2011, no pet.). The party seeking relief must allege and establish standing within the parameters of the statutory language. *Jasek*, 348 S.W.3d at 528; *In re K.G.*, 267 S.W.3d 120, 123 (Tex. App.—San Antonio 2008, pet. denied). The Texas Legislature has provided a comprehensive statutory framework for standing in the context of suits involving the parent-child relationship. *K.G.*, 267 S.W.3d at 124.

### *Standing Under § 102.003*

Section 102.003 lists several categories of persons who have standing to file a SAPCR, including "a person, other than a foster parent, who has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition. . . ." TEX. FAM. CODE ANN. § 102.003(a)(9).

[A] nonparent has "actual care, control, and possession of the child" under section 102.003(a)(9) if, for the requisite six-month time period, the nonparent served in a parent-like role by (1) sharing a principal residence with the child, (2) providing for the child's daily physical and psychological needs, and (3) exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children. The statute does not require the nonparent to have ultimate legal authority to control the child, nor does it require the parents to have wholly ceded or relinquished their own parental rights and responsibilities.

*H.S.* at 160. The time that a non-parent has possession of a child need not be continuous, uninterrupted, or exclusive. *See* § 102.003(b); *H.S.*, 550 S.W.3d at 156-59.

### *Trial Court's Findings*

As noted, the trial court determined that the calendar purportedly kept by Monica favored Deserae and Michael. The calendar was included as an attachment to Monica's affidavit in support of the Herreras' original petition, and it was introduced into evidence at the hearing by Deserae and Michael in order to refute its contents. The calendar was ostensibly a contemporaneous record of the times the Herreras had possession of D.R.O. Because Monica did not testify at the hearing, the trial court was unable to determine the validity of the dates marked on the calendar. Both Deserae and Michael testified that the dates were incorrect.[1] Deserae and Michael additionally introduced texts from Monica that contradicted the dates marked on the calendar. One text from Monica also indicated that she was planning to see a lawyer about obtaining custody of D.R.O. as early as June 17. The trial court could have inferred that the calendar was an after-the-fact creation

---

[1] The Herreras erroneously state that Deserae and Michael conceded at the hearing that the Herreras had possession of D.R.O. from March 27 through October 31, 2017. This is not substantiated by the entirety of their testimony.

intended to bolster the Herreras' suit.[2]  From its ruling, the trial court found the testimony of Deserae and Michael to be credible and of greater weight than Monica's unsubstantiated calendar.

## *Conclusion*

The evidence that the trial court found credible was legally and factually sufficient to support the implied finding that the Herreras did not have custody of D.R.O. for the required six-month period.   Based upon those facts, the trial court did not err in determining that the Herreras did not have standing and in dismissing the Herreras' petition with prejudice.

We overrule the Herreras' single issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,*
     Justice Davis, and
     Justice Neill
     *(Chief Justice Gray concurs in the Court's judgment but does not join the Court's memorandum opinion.  A separate opinion will not issue.)
Judgment affirmed
Opinion delivered and filed April 17, 2019
[CV06]



---

[2] Monica's texts and the testimony of Deserae and Michael refute the majority of the assertions in the Herreras' petition and in Monica's affidavit.  However, our review is limited to the issue of standing, not the merits of the case.